UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TERESA VARGAS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| METHODIST SPECIALTY AND | § | SA-07-CV-0069 FB (NN) |
| TRANSPLANT HOSPITAL, | § | |
| DR. JORGE A. ORTIZ, M.D., | § | |
| DR. FRANCIS WRIGHT, M.D., | § | |
| DR. PRESTON FOSTER, M.D., | § | |
| DR. STEVEN ROSENBLATT, M.D., | § | |
| DR. HELEN L. GOLDBERG, M.D., | § | |
| DR. RANDALL C. BELL, M.D., P.A., | § | |
| | § | |
| Defendants. | § | |

**SHOW CAUSE ORDER**

This order directs plaintiff Teresa Vargas to show cause why this case should not be dismissed for lack of jurisdiction.[1] On January 26, 2007, Ms. Vargas filed a complaint naming Dr. Jorge A. Ortiz, Dr. Francis Wright, Dr. Preston Foster, Dr. Steven Rosenblatt, Dr. Helen L. Goldberg, Dr. Randall C. Bell, and Methodist Speciality and Transplant Hospital as defendants. In her complaint, Ms. Vargas stated that her husband's liver was lacerated on June 20, 2006 when Dr. Ortiz performed gall bladder surgery on her husband. Ms. Vargas complained that her husband's condition worsened after the surgery and that her husband ultimately died. Ms. Vargas alleged that her husband died due to the negligence and medical treatment that he

---

[1] "Jurisdiction defines the powers of courts to inquire into facts, apply the law, make decisions, and declare judgment." BLACK'S LAW DICTIONARY 853 (6th ed. 1990).

1

received from the defendant doctors and from the staff at the defendant hospital.

Ms. Vargas's complaint does not identify her cause of action or the legal basis for her claims, but the complaint appears to allege a cause of action for medical malpractice. Medical malpractice is ordinarily a state law claim,[2] unless the parties' citizenship is diverse[3] or the plaintiff has sued the federal government.[4] Otherwise, a federal court has no jurisdiction over the plaintiff's claims. Ms. Vargas has not named the federal government as a defendant. Consequently, the parties must be diverse[5] for this court to have jurisdiction over Ms. Vargas's claims. Ms. Vargas's complaint does not address the citizenship of the parties, but Ms. Vargas's address and the addresses on the summonses issued to the defendants suggests that all parties are citizens of the state of Texas and that diversity does not exist.

This Court can proceed with this case only if it has jurisdiction; therefore, I ORDER Ms. Vargas to show cause why this case should not be dismissed for lack of jurisdiction. Ms. Vargas must respond to this order in writing **by March 23, 2007** and explain why this Court has jurisdiction over her case. If Ms. Vargas believes the parties are diverse, she should file an amended complaint identifying her citizenship and the citizenship of each defendant to show that

---

[2] Chapter 74 of the Texas Civil Practice and Remedies Code provides for lawsuits based on medical liability. The Texas statutes are available at: http://tlo2.tlc.state.tx.us/statutes/index.htm.

[3] Under 28 U.S.C. § 1332, a federal court has jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000.00.

[4] Under 28 U.S.C. § 1346, a federal court has jurisdiction over civil controversies naming the United States as a defendant.

[5] The requirements for diversity are listed in 28 U.S.C. § 1332(a). The United States Code is available at: http://uscode.house.gov/search/criteria.shtml.

complete diversity exists.[6] Ms. Vargas must also state the amount in controversy—that is, the amount of damages that she seeks. If Ms. Vargas fails to respond to this order by March 23, 2007, this case will be dismissed for failure to prosecute.[7]

**SIGNED** on March 9, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[6] *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) ("If the case involves more than one plaintiff and more than one defendant, the court must be certain that all plaintiffs have a different citizenship from all defendants. For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business.").

[7] *See* FED. R. CIV. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").