UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TERESA VARGAS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| METHODIST SPECIALTY AND | § | SA-07-CV-0069 FB (NN) |
| TRANSPLANT HOSPITAL, | § | |
| DR. JORGE A. ORTIZ, M.D., | § | |
| DR. FRANCIS WRIGHT, M.D., | § | |
| DR. PRESTON FOSTER, M.D., | § | |
| DR. STEVEN ROSENBLATT, M.D., | § | |
| DR. HELEN L. GOLDBERG, M.D., | § | |
| DR. RANDALL C. BELL, M.D., P.A., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND RECOMMENDATION
REGARDING JURISDICTION

TO:   Hon. Fred Biery
       United States District Judge

This memorandum and recommendation addresses jurisdiction in this case.  The District

Court referred this case to me on February 7, 2007.[1]  The District Court's order referred all pretrial

maters to me for disposition by order or to aid the District Court by recommendation where my

authority as a Magistrate Judge is statutorily constrained.  I have jurisdiction to enter this

memorandum and recommendation under that order and 28 U.S.C. § 636(b).

**Nature of the Case and Procedural Background**

On January 26, 2007, Ms. Vargas filed a complaint naming Dr. Jorge A. Ortiz, Dr. Francis

---

[1]*See* docket entry # 7.

1

Wright, Dr. Preston Foster, Dr. Steven Rosenblatt, Dr. Helen L. Goldberg, Dr. Randall C. Bell, and

Methodist Speciality and Transplant Hospital as defendants.[2]  In her complaint, Ms. Vargas stated

that her husband's liver was lacerated on June 20, 2006 when Dr. Ortiz performed gall bladder

surgery on her husband.  Ms. Vargas complained that her husband's condition worsened after the

surgery and that her husband ultimately died.  Ms. Vargas alleged that her husband died due to the

negligence and medical treatment that he received from the defendant doctors and from the staff at

the defendant hospital.  Although Ms. Vargas's  complaint did not identify her cause of action or

the legal basis for her claims, her allegations allege a cause of action for medical malpractice.

Because medical malpractice is a state law claim and Ms. Vargas's complaint did not allege any

facts which suggested a federal court would have jurisdiction over her claim, I issued a show cause

order explaining the basis for federal-court jurisdiction over a state law claim and directing Ms.

Vargas to explain why her case should not be dismissed for lack of jurisdiction.[3]

Ms. Vargas responded on March 26, 2007 and asked for more time.[4]  In her response, Ms.

Vargas indicated that she has difficulty understanding English.  Because difficulty with English

suggested that Ms. Vargas might be a citizen of a foreign state, I issued a clarification order and

explained the basis for diversity citizenship in a dispute between a citizen of the United States and

a citizen of a foreign country.[5]  Ms. Vargas responded again on April 12, 2007.[6]  Ms. Vargas stated

---

[2]*See* docket entry # 4.

[3]Docket entry # 9.

[4]Docket entry # 22.

[5]Docket entry # 27.

[6]Docket entry # 28.

that she is a citizen of the United States and of Texas.  She explained that she does not know the

state or citizenship of the defendants.  In the meantime, the defendants filed several motions to

dismiss.[7]

### Whether Jurisdiction Exists in the Case

Medical malpractice is ordinarily a state law claim,[8] unless the parties' citizenship is

diverse[9] or the plaintiff has sued the federal government.[10]  Otherwise, a federal court has no

jurisdiction over the plaintiff's claims.  Because Ms. Vargas did not name the federal government

as a defendant, the parties must be diverse for this Court to have jurisdiction over Ms. Vargas's

claims.  Here, Ms. Vargas has stated that she is an American citizen and a citizen of Texas.  Thus,

the defendants must be citizens of other states for jurisdiction to exist in this case.  In their motion

to dismiss, Drs. Ortiz, Wright and Foster asserted that they are residents of Texas.[11]  Dr. Goldberg

asserted in her motion to dismiss that all defendants are residents of Texas.[12]  Dr. Rosenblatt also

asserted that all defendants are residents of Texas in his motion to dismiss.[13]  Although residency is

---

[7]Docket entry #s 17, 20, 23, 29, & 30,

[8]Chapter 74 of the Texas Civil Practice and Remedies Code provides for lawsuits based on medical liability.

[9]Under 28 U.S.C. § 1332, a federal court has jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000.00.

[10]Under 28 U.S.C. § 1346, a federal court has jurisdiction over civil controversies naming the United States as a defendant.

[11]*See* docket entry # 20, ¶ 1.

[12]*See* docket entry # 23, ¶ 3.

[13]*See* docket entry # 29, ¶ 2.

not conclusive as to citizenship,[14] these assertions strongly suggest that the defendants all are citizens of Texas.  The defendants, however, need not prove that they are citizens of Texas because Ms. Vargas has the burden of proving that diversity of citizenship exists.[15]  Ms. Vargas has conceded that she does not know the state or national citizenship of the defendants.  Consequently, Ms. Vargas has failed to show that the parties are diverse.  She has not met her burden of showing that this Court has jurisdiction over her case.

## Recommendation

Because Ms. Vargas has not shown that jurisdiction exists, I recommend that the District Court DISMISS this case for lack of jurisdiction without prejudice to plaintiff refiling in state court.[16]  If the District Court accepts this recommendation, the District Court need not address the defendants' motions to dismiss.  Instead the District Court can DENY the pending motions (docket entry #s 17, 20, 23, 29 & 30) as moot.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Memorandum

---

[14]*See Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) ("[A]n allegation of residency does not satisfy the requirement of an allegation of citizenship.").

[15]*See* FED. R. CIV. P. 8(a) (requiring a short and plain statement of the grounds upon which the court's jurisdiction depends); *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986) ("The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists.").

[16]If Ms. Vargas files her case in state court, she will be subject to the Texas requirement that she file an expert's report within 120 days.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2006).

and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[17]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[18]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[19]

          **SIGNED** on May 2, 2007

                                        *Nancy Stein Nowak*

                                        NANCY STEIN NOWAK
                                        UNITED STATES MAGISTRATE JUDGE

---

[17]28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[18]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[19]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).